## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed January 31, 1900.

CHARLES E. BUTT
VS.
JOHN P. JOHNS, ET AL.

*Robert Ludlow Preston* for petitioners.

*W. Burns Trundle* for respondent.

STOCKBRIDGE, J.—

This case again comes before this court on the petition of the solicitors of the plaintiff for a counsel fee. The circumstances under which the petition arises are as follows: The bill was originally filed by the plaintiff as a general creditors' bill, asking to have certain transfers of leasehold property set aside as having been made in fraud of the rights of creditors, and was by its terms not only for the benefit of the plaintiff, but also of all other creditors of the defendant who might come in and contribute to the expenses of the suit. The defendants contested the proceedings as earnestly as possible and when the case had been determined in this court in favor of the plaintiff the defendants took an appeal, which

was abandoned only on the eve of the hearing in the Court of Appeals.

Receivers were appointed for the purpose of selling the property which had been the subject of the litigation, and, the property was advertised by the receivers. Thereupon the defendant, Henry A. Johns came into this court by petition, setting forth the fact that he had discharged the claims of all creditors, except that of the plaintiff, and that he was ready to settle that, and offered to pay the amount of the plaintiff's claim with interest into the registry of the court.

The order for the sale that had been passed was thereupon suspended until the expiration of the period within which creditors were allowed to file their claims. The defendant, Henry A. Johns, accordingly paid into the hands of the clerk of this court the amount of the claim of the plaintiff with interest, and also the costs of the proceedings, together with the sum of $60 as for the commissions of the receivers. By the present petition are raised the questions of the amount of the commissions allowable to receivers, and also whether the solicitors for the plaintiff can be allowed a fee for the conduct of the proceedings which resulted in the setting aside of the conveyances. At the very threshold of the enquiry, the court has no hesitation in saying that the present is as strong a case as could well be presented to the court for the propriety of such an allowance, and that the same should be made, unless the so doing would be in contravention of the well established doctrine of this State.

The general principles with regard to such allowances is that in a creditor's suit, where a fund has been brought into court or made subject to its control, compensation will be allowed to the solicitors by whose diligence such fund is preserved and secured for the benefit of the creditors. Central R. R. vs. Pettus, 113 U. S., 116. And if in the present case the fee could in any manner be made a charge upon the several creditors who have profited by the diligence of the solicitor for the plaintiff, I should have no difficulties in allowing it. But the fact seems to be that after the decree had been entered setting aside the fraudulent conveyances, Mr. Henry A. Johns settled with his creditors directly, so that but two creditors other than the plaintiff, with claims aggregating $338.39, came into this proceeding, and both of these have been paid off. It therefore follows that any fee which might be allowed would be a fee payable directly by the defendants, or one of them, and when this condition is presented the almost unbroken list of authority is against such allowance. Ex parte Lynch, 25 S. C. 193; Wagner vs. Mars, 27 S. C. 97; McGraw vs. Canton, 74 Md. 574.

Even the case of the Central Railway Co. vs. Pettus, before referred to, and which might seem to hold a different rule, does not in reality depart from it. The court in that case was construing a statute of Alabama, and the charge allowed to counsel in that case was upon property preserved for the unsecured creditors, upon which property the statute gave a specific lien. No authority has been cited, nor has the court been able to find any, which supports the conclusion of the petitioner.

With regard to the commissions to be allowed the receivers, a different question is presented. It is urged on behalf of the petitioner, that commissions in such a case are not within the scope of the 24th equity rule. But it is difficult to see any principle on which the exceptions can be made, and certainly the practice of the equity courts of this city has been to consider said rule as applicable to all sales or advertised sales by trustees or receivers.

The commissions allowed to such officers are in no sense intended as compensation for the labor, however arduous it may have been, which has preceded the decree appointing them, and since it is only compensation for the performance of their duties as trustee or receiver, no reason is apparent why the rule should not hold good in all cases.

A rate of commission is sometimes allowed by the court, higher than that fixed by the rules, or a lump sum by way of extra compensation, but this is always for exceptional services performed by the trustee or receiver, not for services, however, efficient, rendered before the appointment. Regarding the rule mentioned as fully applicable, and no very unusual services appearing to have been rendered by the receivers since their appointment, I am reluctantly compelled to dismiss the petition.